___



**SO ORDERED,**

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES E. SANDERS, | ) | Case No.:  15-13863-JDW |
| | ) | |
| DEBTOR. | ) | Chapter  7 |

___

| | | |
|---|---|---|
| MARGARET LELAND, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | A.P. No.:  16-01030-JDW |
| | ) | |
| JAMES SANDERS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

___

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (A.P. DKT. # 19)**

This adversary proceeding is before the Court for consideration of the

Motion for Summary Judgment, brief, and evidentiary submission (A.P. Dkt.

1

# 19, 20)[1] (collectively, the "Motion") filed by plaintiff Margaret Leland ("Plaintiff") against the debtor/defendant James Sanders ("Debtor"). The Debtor did not respond to the Motion.

No hearing on the Motion is necessary. The Court has considered the pleadings, evidence, brief, applicable law, and the lack of defense raised by the Debtor, and finds and concludes that the Motion is due to be granted as to the nondischargeability of the Debtor's debt to the Plaintiff under 11 U.S.C. § 523(a)(2)(A), but denied as to the Plaintiff's request for a complete denial of discharge under 11 U.S.C. § 727(a)(2) and (a)(4).[2] Further proceedings are necessary to determine the full amount of the Plaintiff's claim.

## I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b), the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984, and 11 U.S.C. § 505(a). This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (I), (J) and (O).

---

[1] Citations to the main bankruptcy docket are to "Bankr. Dkt. # ____," and citations to the adversary proceeding docket will be to "A.P. Dkt. # ____."

[2] All statutory citations are to Title 11, United States Code (the "Bankruptcy Code"), unless otherwise noted.

## II. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting former FED. R. CIV. P. 56(c)); *see also* FED. R. CIV. P. 56(c)(1).[3] The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact. *Id.* at 323. "As to materiality, the Supreme Court has stated that '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All reasonable doubt as to the existence of a genuine issue of material fact "must be resolved against the moving party." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)(quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

---

[3] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification Rule 56 of the Federal Rules of Civil Procedure.

## III.  FINDINGS OF FACT[4]

In October 2011, the Plaintiff, who was approximately 90-years-old, was approved for a USDA Section 504 Grant in the amount of $7,190.00. This grant was awarded to her for the purpose of making specific and necessary repairs to her home. The Debtor submitted a bid for $7,190.32 to the Plaintiff and the USDA, representing to both that he could complete the necessary repairs for that sum. The Debtor's bid was accepted, and the Plaintiff entered into a construction contract with him. On June 14, 2012, the USDA funded the grant in the amount of $7,190.00.

The Debtor did not complete the repairs in a way that made the home structurally sound, and he knew prior to beginning the repairs that it was impossible to make the home structurally sound. He also testified in a deposition that in the process of performing work under the contract, he discovered that he could not complete the work in compliance with the terms of the construction contract. Specifically, the Debtor testified that he could not level the floors as required by the construction contract because of termite damage. Rather than inform the Plaintiff of this, the Debtor instead installed subflooring to superficially cover the termite damage, concealing the fact that he did not perform according to the contract.

---

[4] The Court finds these facts based on the undisputed and credible evidence submitted by the Plaintiff (A.P. Dkt. # 20).

4

The contract gave the Debtor 45 days to complete the repairs to the Plaintiff's home, but he certified that the work was 100% complete and in compliance with the specifications of the construction contract in just eight days by completing an Inspection Report Form (the "Inspection Report"). When the Debtor signed the Inspection Report, he knew that the work was not complete and was not in compliance with the specifications of the construction contract. Specifically, he concealed the fact that rather than make the necessary repairs, he instead simply installed a thick layer of plywood over the incomplete repairs to give the appearance that the work was complete. The Debtor made this misrepresentation in the Inspection Report to induce the Debtor to pay him in full under the terms of the construction contract, which she did. The Debtor represented to the Plaintiff that the work was complete, and as a layperson, the Plaintiff relied on the superficial appearance of her flooring. Based on the Debtor's representations, the Plaintiff signed the Inspection Report, signifying that 100% of the repairs were completed to her satisfaction. The Plaintiff would not have agreed that the repairs were complete had she known the Debtor had actively concealed his shoddy work and incomplete repairs with a cosmetic façade. The Plaintiff relied on the Debtor's representations that the repairs were completed to the construction contract's specifications, when he not only knew they were not so

completed, but also actively concealed that fact in order to induce the Plaintiff to release all of her grant money to him.

As a result of the Debtor's failure to complete the repairs according to the terms of the construction contract, the Plaintiff lost the $7,190.00 in grant funds she could have otherwise used to repair her home. She is not eligible for further grant funds.

## IV. CONCLUSIONS OF LAW

### A. Nondischargeability under § 523(a)(2)(A)

Section 523 of the Bankruptcy Code outlines the exceptions to discharge in bankruptcy proceedings. Exceptions to discharge are to be construed strictly against the objecting creditor in order to give effect to the fresh start policy of the Bankruptcy Code. *See Hudgson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997)(citing *Murphy & Robinson Inv. Co. v. Cross (In re Cross)*, 666 F.2d 873, 880 (5th Cir. 1982)). An objecting creditor bears the burden of proving the elements of nondischargeability by a standard of preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Plaintiff alleges that the debt owed to her by the Debtor is nondischargeable pursuant to § 523(a)(2)(A). Section 523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

6

. . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

>(A)false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The United States Court of Appeals for the Fifth Circuit has distinguished between "actual fraud" and "false pretenses and representations," so there are two distinct paths to a determination of nondischargeability under that subsection. *Bank of La. v. Bercier (In re Bercier)*, 934 F.2d 689, 692 (5th Cir. 1991). While satisfaction of the elements of either path is sufficient, the Plaintiff has carried her burden under both here.

### 1. Actual Fraud

In order to conclude that a debt is nondischargeable on the basis of "actual fraud," the objecting creditor must prove that "(1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) that the creditor relied on such representations; and (5) that the creditor sustained losses as a proximate result of the representations." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir.

7

1995)(citations omitted)[5].

Here it is clear that the Debtor committed actual fraud against the Plaintiff. In signing the Inspection Report, the Debtor represented that the repairs were 100% completed and in compliance with the construction contract. It is clear from his deposition testimony that the Debtor knew this was false at the time he made it. This, in conjunction with the Debtor's covering his work with a cosmetic façade to conceal the lack of actual repairs shows the Debtor's intent to deceive the Plaintiff into believing the work was complete. As a layperson with no construction experience, the Plaintiff's reliance on the Debtor's misrepresentations was subjectively justifiable. The Plaintiff suffered the loss of the grant funds in the amount of $7,190.00, because she expended that money on the Debtor's noncompliant work and does not qualify for additional grant funds.

### 2. False Representation or False Pretense

In order for a debtor's representation to be a "false representation or false pretense," it must have been "(1) a knowing and fraudulent falsehood,

---

[5] The definition of "actual fraud" in the § 523(a)(2)(A) context was recently addressed by the United States Supreme Court in *Husky Int'l Elecs., Inc. v. Ritz*, --- U.S. ---, 136 S.Ct. 1581 (2016). The Supreme Court held that the term "actual fraud" in § 523(a)(2)(A) is broader than was previously held by the Fifth Circuit. *Id.* The Supreme Court concluded that in addition to the kind of "actual fraud" embodied in the elements articulated by the Fifth Circuit in the *RecoverEdge* case, "actual fraud" also encompasses other, traditional forms of fraud, like fraudulent conveyance schemes, even when those schemes do not involve a false representation. *Id.* In this case, however, the Debtor's behavior meets the traditional elements of actual fraud articulated in *RecoverEdge*, which still constitute "actual fraud" as contemplated by § 523(a)(2)(A). *See Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)*, 832 F.3d 560, 565 n.3 (5th Cir. 2016).

8

(2) describing past or current facts, (3) that was relied upon by the other party." *RecoverEdge,* 44 F.3d at 1292-93 (citations omitted); *see also Field v. Mans*, 516 U.S. 59, 73-75 (1995) (holding that section 523(a)(2)(A) requires subjectively justifiable, but not objectively reasonable, reliance).

The Debtor not only lied about having completed the repairs in accordance with the terms of the construction contract, but also actively concealed his failure to perform the repairs. The Plaintiff's reliance on the Debtor's misrepresentations about these current facts was both justifiable and reasonable. *Field v. Mans*, 516 U.S. at 73-75. Therefore, the Debtor's debt to the Plaintiff is nondischargeable under both paths to nondischargeability under § 523(a)(2)(A) articulated by the Fifth Circuit. *In re Bercier*, 934 F.2d at 692.

### B. Denial of Discharge under § 727(a)(2) and (a)(4)

The Plaintiff also seeks summary judgment denying the Debtor a general discharge under §§ 727(a)(2) and (a)(4). However, the Plaintiff did not include a count for denial of the Debtor's discharge in the Complaint filed herein and never sought to amend the Complaint to include a § 727 count. (A.P. Dkt. # 1); FED. R. BANKR. P. 7015. Accordingly, this claim is not properly before the Court. *See* FED. R. BANKR. P. 4004.

## V. CONCLUSION

Summary judgment is appropriate when, after examination of all evidence presented in a light most favorable to the non-movant, the Court concludes that no genuine issue of material fact exists and the movant is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 322. As set forth above, the Plaintiff has met her burden, proving both that no issue of material fact remains in this case with regard to her § 523 claim, and also that she is entitled to judgment as a matter of law as the nondischargeability of her debt under § 523(a)(2)(A). Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Motion (A.P. Dkt. # 19) is **GRANTED** as to nondischargeability under § 523(a)(2)(A). The Motion is **DENIED** as to denial of discharge under §§ 727(a)(2) and (a)(4). Further proceedings are necessary to determine any monetary damages claimed by the Plaintiff over and above the $7,190.00 in grant funds. An evidentiary hearing will be scheduled for that purpose. A separate final judgment will be entered following the damages hearing.

##END OF ORDER##